**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4798**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LAJOEL T. ROUSE,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Greenville.  G. Ross Anderson, Jr., District Judge.  (6:05-cr-01173-GRA)

———————

Submitted:  March 19, 2007          Decided:  April 23, 2007

———————

Before WILLIAMS, TRAXLER, and KING, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

C. Rauch Wise, Greenwood, South Carolina, for Appellant.  Elizabeth J. Howard, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

LaJoel T. Rouse appeals his conviction and 188-month sentence for armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d) (2000). Rouse's attorney filed a brief in accordance with Anders v. California, 386 U.S. 739 (1967), certifying that there are no meritorious grounds for appeal, but questioning whether the district court erred by failing to notify Rouse at the plea hearing that he was subject to enhanced punishment as a career offender and whether his sentence was reasonable. Rouse was notified of his right to file a pro se supplemental brief, and has done so. The Government elected not to file a reply brief. Finding no reversible error, we affirm.

Rouse argues that the district court erred by failing to inform him at the plea hearing that he was subject to enhanced punishment as a career offender and if the court had done so, he may have elected to proceed to trial. This argument lacks merit because the court at the Rule 11 hearing notified Rouse that he could be sentenced up to the statutory maximum of twenty-five years. Rouse agreed that he understood. Moreover, the Government and the court notified Rouse that he would likely be sentenced within the 188 to 235-month sentencing range. Rouse pled guilty with this knowledge. Rouse does not attack the validity of his guilty plea. Accordingly, Rouse is bound by the agreement that he could face up to the statutory maximum.

Rouse's sentence was reasonable.  After <u>United States v. Booker</u>, 543 U.S. 220 (2005), a district court is no longer bound by the range prescribed by the sentencing guidelines.  However, in imposing a sentence post-<u>Booker</u>, courts still must calculate the applicable guidelines range after making the appropriate findings of fact and consider the range in conjunction with other relevant factors under the guidelines and § 3553(a).  <u>United States v. Moreland</u>, 437 F.3d 424, 432 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 2054 (2006).  This court will affirm a post-<u>Booker</u> sentence if it "is within the statutorily prescribed range and is reasonable." <u>Id.</u> at 433 (internal quotation marks and citation omitted).  "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." <u>United States v. Johnson</u>, 445 F.3d 339, 341 (4th Cir. 2006).  Further, "[t]he district court need not discuss each factor set forth in § 3553(a) 'in checklist fashion;' 'it is enough to calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less.'" <u>Moreland</u>, 437 F.3d at 432 (<u>quoting</u> <u>United States v. Dean</u>, 414 F.3d 725, 729 (7th Cir. 2005)).

Here, the district court sentenced Rouse post-<u>Booker</u> and appropriately treated the guidelines as advisory.  The court sentenced Rouse after considering and examining the sentencing guidelines and the § 3553(a) factors, as instructed by <u>Booker</u>. Rouse's 188-month sentence is at the bottom of the appropriate

guidelines range and is below the twenty-five year statutory maximum sentence.  <u>See</u> 18 U.S.C.A. §§ 2113(a) and (d).  Finally, neither Rouse nor the record suggests any information so compelling as to rebut the presumption that a sentence within the properly calculated guidelines range is reasonable.

We have reviewed Rouse's pro se supplemental brief and find the issues he raises are meritless.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal.  We therefore affirm Rouse's conviction and sentence.  This court requires that counsel inform Rouse, in writing, of the right to petition the Supreme Court of the United States for further review.  If Rouse requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Rouse.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>